FILED by _____
INTAKE

DEC 03 2009

STEVEN M. LARIMORE
CLERK US. DIST CT
S.D. OF FLA. MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

BADIA SPICES, INC.,
a Florida corporation,

        Plaintiff,

  vs.

GOYA FOODS INC.,
a Delaware corporation,

        Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)

09-23615

CIV-KING MAGISTRATE JUDGE
BANDSTRA

## COMPLAINT

COMES NOW the Plaintiff, Badia Spices, Inc., a Florida corporation ("Badia" or "Plaintiff"), and complains against Defendant, Goya Foods Inc., a Delaware corporation ("Goya" or "Defendant") and alleges as follows:

### JURISDICTION

1. This is an action for injunctive and other relief under the Federal Trademark Act, 15 U.S.C. §1051, et seq. ("Lanham Act"), particularly 15 U.S.C. §§1114 and 1125(a), for trademark infringement, trade dress infringement, false designation of origin, false description or representation, and related unfair competition. In addition, Plaintiff asserts claims for injunctive and other relief under the Copyright Act of 1976, 17 U.S.C. §101, et seq., and for copyright infringement pursuant to 17 U.S.C. §501. Plaintiff also asserts claims in accordance with common law rights pursuant to Fla. Stat. §495.161 for trademark infringement and

1

unfair competition.

2.    This Court has jurisdiction over this action pursuant to 28 U.S.C. §§1331, 1338(a) and 1338(b). This Court also has jurisdiction pursuant to 15 U.S.C. §1121 and the doctrine of supplemental jurisdiction, as set forth in 28 U.S.C. §1367.

3.    Upon information and belief, jurisdiction is proper in that:

a.    Defendant operates, conducts, engages in, or carries on a business or business venture in this State, and the Southern District of Florida, within the meaning of Fla. Stat. §48.193(1)(a).

b.    Defendant has committed tortious acts within this State, and the Southern District of Florida, including the infringement set forth herein, within the meaning of Fla. Stat. §48.193(1)(b).

c.    Defendant has caused injury to the property of Plaintiff within this state, and the Southern District of Florida, namely Plaintiff's trademarks and other intellectual property rights as set forth herein, arising out of acts or omissions by Defendant outside of this state, while, at or about the time of the injury the Defendant was engaged in solicitation or service activities within this State, and the Southern District of Florida, within the meaning of Fla. Stat. §48.193(1)(f)(1); or

2

d.   Defendant is engaged in substantial and not isolated activity within this State, and the Southern District of Florida, within the meaning of Fla. Stat. §48.193(2).

## VENUE

4.   Venue is proper under 28 U.S.C. §1391(b) in that, upon information and belief, a substantial part of the events or omissions giving rise to the claim, including the "passing off" of the infringing goods, occurred in the Southern District of Florida. Venue is also proper under 28 U.S.C. §1391(b) because, upon information and belief, a substantial part of property that is the subject of the action is situated in the Southern District of Florida. Furthermore, upon information and belief, Defendant markets and advertises the infringing goods in the Southern District of Florida and does business in the Southern District of Florida.

5.   Venue is proper under 28 U.S.C. §1391(c) in that the Defendant's contacts are sufficient to subject them to personal jurisdiction in the Southern District of Florida, for the reasons set forth above in paragraph 3, and its subparts.

## THE PARTIES

6.   Plaintiff is a corporation duly organized and existing under the laws of Florida, located at and doing business at 1400 N.W. 93 Avenue, Miami, Florida 33172.

7.   Defendant Goya is a corporation, duly organized and

3

existing under the laws of Delaware, located at and doing business at 100 Seaview Drive, Secaucus, New Jersey 07096.

## PLAINTIFF'S TRADEMARKS, TRADE DRESS AND COPYRIGHT

8.  Plaintiff is one of the premier manufacturers and distributors of spices and seasonings in the United States.

9.  For over forty (40) years, Plaintiff has offered a diverse range of food products, most notably spices and seasonings, including Plaintiff's well known "SAZON COMPLETA" and "COMPLETE SEASONING" brands, which are Plaintiff's signature products and best sellers.

10.  Presently, Plaintiff has over 1,000 points of sale, and 350 products bearing UPCs in the marketplace.

11.  Plaintiff developed its well known "SAZON COMPLETA" and "COMPLETE SEASONING" trademarks (hereinafter "Plaintiff's Marks") as far back as 1963, and said marks were first used in U.S. commerce in 1969, after Plaintiff moved its operations to Miami, and continued to develop and expand its business of selling spices.

12.  Plaintiff maintains registrations for the trademarks "SAZON COMPLETA" and "COMPLETE SEASONING", which are U.S. Registrations 2,896,679 and 2,885,777 respectively (hereinafter "Plaintiff's Trademark Registrations" or "Registrations"). Printouts of the Registrations are attached as Exhibit A hereto.

13.  Plaintiff's Trademark Registrations are now incontestable in accordance with §§15 and 33(b) of the Lanham Act, 15 U.S.C.

4

§§1065 and 1115(b).

14. In the year 2002, Plaintiff commissioned the creation of an original artistic drawing for use on its product labels and specifically for use on containers bearing Plaintiff's Marks ("Plaintiff's Copyrighted Label" or "Copyrighted Label"), which include copyrightable subject matter under the Copyright Act, 17 U.S.C. § 101 et seq. Plaintiff is the owner of the Copyrighted Label by assignment.

15. Plaintiff has complied in all respects with the provisions of the Copyright Act, including 17 U.S.C. §411(a), with respect to the Copyrighted Label.

16. On May 12, 2004, Plaintiff registered the Copyrighted Label with the United States Copyright Office, and secured Certificate of Registration No. VA 1-266-131, a copy of which is attached hereto along with the deposit material or reproduction thereof, as Exhibit B.

17. Plaintiff is, and at all relevant times has been, the owner of all rights, title and interest, including the copyright, in and to the Copyrighted Label. Plaintiff has never assigned the copyright in the Copyrighted Label to any other person or entity. Plaintiff's copyright in the Copyrighted Label is valid and subsisting and in full force and effect.

18. Plaintiff's literary and artistic style, and unique design and appearance in and of the Copyrighted Label, which have

been sold and offered for sale in commerce in connection with its spices and seasonings, is recognizable as the exclusive style and work of Plaintiff.

19. Plaintiff's Marks and Copyrighted Label have been utilized nationwide.

20. The Plaintiff's trade dress for its "SAZON COMPLETA" and "COMPLETE SEASONING" brands, including features such as size, shape, color or color combinations, texture, graphics, or other visual features is inherently distinctive or has acquired secondary meaning. See Exhibit C.

21. The Plaintiff's trade dress is non-functional, generally consisting of a green lid, a bold horizontal, green banner against a white background for the main body of the label, and with the name of the spice blend in black across the lower portion of the label.

22. Plaintiff has spent great amounts of advertising and promotional activity in connection with its brands since the 1960s, which includes advertisements in many media.

23. Since long prior to the acts of Defendant complained of herein, Plaintiff has expended much money, time, and effort in advertising, promoting, marketing, and selling the products bearing the Plaintiff's Marks, trade dress, and Copyrighted Label. The Plaintiff's Marks, trade dress, and Copyrighted Label have been and are now associated in the public mind exclusively with Plaintiff in

the field of spices and seasonings.

24.   Since long prior to the acts of Defendant complained of herein, the Plaintiff's Marks, trade dress, and Copyrighted Label have been readily recognizable by the public as associated exclusively with Plaintiff by virtue of long and continuous use and has achieved a secondary meaning to the consuming public.

25.   The Plaintiff's Marks, trade dress and Copyrighted Label have been in continuous use in U.S. commerce since their adoption and first use in the U.S. commerce.

## DEFENDANT'S INFRINGING ACTIVITY

26.   Long subsequent to Plaintiff's adoption and use of the distinctive Plaintiff's Marks in commerce, Defendant, upon information and belief, commenced selling seasonings, designated with Plaintiff's "COMPLETE SEASONING" Mark ("Accused Mark"). Duplicates of Defendant's Accused Mark are attached as Exhibit D, though additional samples and variations are expected to be produced during discovery in this matter.

27.   Long subsequent to Plaintiff's adoption and use of its distinctive trade dress in commerce, Defendant, upon information and belief, commenced selling seasonings in trade dress that is confusingly similar to the Plaintiff's trade dress, as further set forth on Exhibit D (hereafter "Accused Trade Dress").

28.   Thereafter, and long subsequent to the creation, registration and use in commerce by Plaintiff of its Copyrighted

Label, Defendant infringed the registered copyright by reproducing, separately, in copies and/or preparing, separately, copies and/or derivative works based upon and copied from Plaintiff's Copyrighted Label, and by distributing said copies and/or derivative works of Plaintiff's Copyrighted Label ("Accused Labels"), in violation of Plaintiff's exclusive rights under 17 U.S.C. §§106 and 501.

29.   Defendant had access to Plaintiff's Copyrighted Label.

30.   The Accused Labels are identical to and/or substantially similar to Plaintiff's Copyrighted Label and are used on or in connection with the sales of spices and seasonings. Samples of the Accused Labels are attached hereto as Exhibit D.

31.   Long subsequent to first use and consumer recognition of Plaintiff's Marks, trade dress, and/or Copyrighted Label, and, upon information and belief, with full knowledge of same, and appurtenant rights, Defendant also engaged in a marketing campaign, including a website on the internet, utilizing the Accused Mark, Accused Trade Dress, and/or Accused Labels, all with intent to deceive and confuse consumers and divert sales from Plaintiff.

32.   Defendant's use of the Accused Mark, Accused Trade Dress, and Accused Labels is without the license or consent of Plaintiff.

33.   Upon information and belief, Defendant has enjoyed and continues to enjoy financial gain and profit from the sale and marketing of the goods that utilize the Accused Mark, Accused Trade Dress, and/or Accused Labels.

34.  Upon information and belief, Defendant was well aware and, since long prior to the acts of Defendant complained of herein, has been well aware of Plaintiff's use and ownership of Plaintiff's Marks, trade dress, and/or Copyrighted Label.

35.  Upon information and belief, Defendant has been well aware that Plaintiff's Mark, trade dress, and/or Copyrighted Label were, at the time of introduction of the Accused Mark, Accused Trade Dress, and/or Accused Labels, are widely recognized and relied upon by the public and the trade as identifying Plaintiff, and its goods.

36.  Notwithstanding that knowledge, and indeed by reason of such knowledge, Defendant thereafter engaged in, and it is believed will continue to engage in, a deliberate and willful scheme to trade upon and to misappropriate for itself the goodwill represented and symbolized by the Plaintiff's Marks, trade dress, and/or Plaintiff's Copyrighted Label, through the marketing and sales of competing goods bearing the Accused Mark, Accused Trade Dress and/or Accused Label in U.S. commerce.

37.  The acts of Defendant complained of herein constitute willful and intentional infringement, are in total disregard of Plaintiff's rights, and were commenced and it is believed will continue in spite of Defendant's knowledge that their use of the Accused Mark, Accused Trade Dress, and Accused Labels is in direct contravention of Plaintiff's rights.

38.  Defendant's aforesaid use of the Accused Mark and/or Accused Trade Dress is designed and is calculated to and is likely to cause confusion, to cause mistake, and to deceive customers and prospective customers as to the origin or sponsorship of Defendant's products and to cause them to falsely believe that said products are the products of Plaintiff, or are sponsored, licensed, authorized, or approved by Plaintiff, all to the detriment of Plaintiff, the trade, and the public.

39.  The use by Defendant of the Accused Mark and/or trade dress is without the consent, license, or permission of Plaintiff.

40.  Plaintiff has been damaged by Defendant's acts of infringement.

41.  Defendant's aforesaid acts have caused and will continue to cause substantial and irreparable injury to Plaintiff unless such acts are restrained by this Court.

42.  Plaintiff has no adequate remedy at law.

## COUNT I
## FEDERAL TRADEMARK INFRINGEMENT, 15 U.S.C. §1114(1)

43.  Plaintiff incorporates herein each and every allegation set forth in Paragraphs 1 through 42 as if fully set forth herein.

44.  With full knowledge and awareness of Plaintiff's ownership and prior use of Plaintiff's Marks and Registrations, Defendant has willfully used, is using, and will continue to use the Accused Mark on identical or related goods for which Plaintiff's Trademark Registrations issued, in a manner that is

likely to cause confusion, reverse confusion, or to cause mistake, or to deceive.

45.  Defendant's acts constitute infringement, use of a confusingly similar mark, and use of a spurious mark which is identical with, or substantially indistinguishable from, Plaintiff's Marks, in violation of and pursuant to 15 U.S.C. §1114.

46.  Defendant's acts have harmed Plaintiff's reputation, severely damaged Plaintiff's goodwill, and upon information and belief, have and will continue to divert sales from Plaintiff, and create the impression that Plaintiff is an infringer when in fact Defendant is the infringer.

47.  Defendant's aforesaid acts have caused and will cause great and irreparable injury to Plaintiff, and unless said acts are restrained by this Court, they will be continued and Plaintiff will continue to suffer great and irreparable injury.

48.  Plaintiff has no adequate remedy at law.

## COUNT II
## FEDERAL UNFAIR COMPETITION, FALSE DESCRIPTION
## AND FALSE DESIGNATION OF ORIGIN AS TO MARKS, 15 U.S.C. §1125(a)

49.  Plaintiff incorporates herein each and every allegation set forth in Paragraphs 1 through 42 as if fully set forth herein.

50.  Defendant's intentional and unlawful use in commerce of the Accused Mark constitutes use in commerce of a word, term, name, symbol, or device, or a combination thereof, or a false designation of origin, false or misleading description, and false

11

representation that is likely to cause confusion, reverse confusion, or to cause mistake, or to deceive as to affiliation, connection, or association of Defendant with Plaintiff, or as to origin, sponsorship or approval of Defendant's goods, services or commercial activities by Plaintiff, or to cause reverse confusion thereof.

51. Defendant's aforesaid acts and use of the Accused Mark constitute unfair competition and false designation and/or false description of origin in violation of §43(a)(1)(A) of the Lanham Act, 15 U.S.C. §1125(a)(1)(A).

52. Defendant's aforesaid acts have caused and will cause great and irreparable injury to Plaintiff, and unless said acts are restrained by this Court, they will be continued and Plaintiff will continue to suffer great and irreparable injury.

53. Plaintiff has no adequate remedy at law.

### COUNT III
### FEDERAL UNFAIR COMPETITION, FALSE DESCRIPTION AND FALSE DESIGNATION OF ORIGIN AS TO TRADE DRESS, 15 U.S.C. §1125(a)

54. Plaintiff incorporates herein each and every allegation set forth in Paragraphs 1 through 42 as if fully set forth herein.

55. Defendant's intentional and unlawful use in commerce of the Accused Trade Dress constitutes use in commerce of a word, term, name, symbol, or device, or a combination thereof, or a false designation of origin, false or misleading description, and false representation that is likely to cause confusion, reverse

12

confusion, or to cause mistake, or to deceive as to affiliation, connection, or association of Defendant with Plaintiff, or as to origin, sponsorship or approval of Defendant's goods, services or commercial activities by Plaintiff, or to cause reverse confusion thereof.

56.   Defendant's aforesaid acts and use of the Accused Trade Dress constitute unfair competition and false designation and/or false description of origin in violation of §43(a)(1)(A) of the Lanham Act, 15 U.S.C. §1125(a)(1)(A).

57.   Defendant's aforesaid acts have caused and will cause great and irreparable injury to Plaintiff, and unless said acts are restrained by this Court, they will be continued and Plaintiff will continue to suffer great and irreparable injury.

58.   Plaintiff has no adequate remedy at law.

### COUNT IV
### COPYRIGHT INFRINGEMENT

59.   Plaintiff incorporates herein each and every allegation set forth in Paragraphs 1 through 42 as if fully set forth herein.

60.   All statutory conditions precedent to the institution and maintenance of the instant action have been performed or have occurred.

61.   Defendant has infringed, contributed to, or induced the infringement of Plaintiff's Copyrighted Label, under 17 U.S.C. §501, by making, reproducing, distributing, displaying, or directing to be made, reproduced, distributed, displayed, or

13

assisting in making, reproducing, distributing, and displaying Accused Labels which are identical or substantially similar to, and based upon and copied from the Copyrighted Label.

62. Upon information and belief, Defendant's aforesaid acts were deliberate, willful, and intentional violations of Plaintiff's rights for the purpose of commercial gain, and were done so knowingly without the authorization of Plaintiff and with full knowledge of Plaintiff's rights.

63. Defendant's aforesaid acts have caused and will continue to cause substantial and irreparable injury to Plaintiff unless such acts are restrained by this Court.

64. Plaintiff has no adequate remedy at law.

**COUNT V**
**COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION**

65. Plaintiff incorporates herein each and every allegation set forth in Paragraphs 1 through 42, as if fully set forth herein.

66. Defendant's aforesaid acts constitute infringement, unfair competition, misappropriation, and misuse of the Plaintiff's Marks, unfair competition, trademark infringement, palming-off, passing-off and/or reverse-passing off, against Plaintiff and unjust enrichment of Defendant, all in violation of Plaintiff's rights at common law and under the law of the State of Florida.

67. Plaintiff owns and enjoys common law trademark rights in the marks "COMPLETE SEASONING" and "SAZON COMPLETA" in Florida in conjunction with use on spice and seasoning containers, which

14

rights are superior to any rights that Defendant may claim in and to said trademark.

68.    The sale by Defendant of spices and/or seasonings bearing the Accused Mark in the State of Florida is likely to cause and has caused confusion as to the source of their spices and/or seasonings in that purchasers thereof will be likely to associate or have associated such products as originating with Plaintiff, all to the detriment of the Plaintiff.

69.    Defendant's acts have harmed Plaintiff's reputation, severely damaged Plaintiff's goodwill, and upon information and belief, have diverted sales from Plaintiff and create the impression that Plaintiff is an infringer when in fact Defendant is the infringer.

70.    Defendant's aforesaid acts have caused and will continue to cause great and irreparable injury to Plaintiff, and unless said acts are restrained by this Court, they will be continued and Plaintiff will continue to suffer great and irreparable injury.

71.    Plaintiff has no adequate remedy at law.

## COUNT VI
## COMMON LAW TRADE DRESS INFRINGEMENT

72.    Plaintiff incorporates herein each and every allegation set forth in Paragraphs 1 through 42, as if fully set forth herein.

73.    Defendant's aforesaid acts constitute infringement, misappropriation, and misuse of the Plaintiff's Trade Dress, unfair competition, trademark infringement, palming-off, passing-off

15

and/or reverse-passing off, against Plaintiff and unjust enrichment of Defendant, all in violation of Plaintiff's rights at common law and under the law of the State of Florida.

74. Plaintiff owns and enjoys common law trade dress rights in Florida in conjunction with use on spice and seasoning containers, which rights are superior to any rights that Defendant may claim in and to said trade dress.

75. The sale by Defendant of spices and/or seasonings bearing the aforementioned trade dress in the State of Florida is likely to cause and has caused confusion as to the source of their spices and/or seasonings in that purchasers thereof will be likely to associate or have associated such products as originating with Plaintiff, all to the detriment of the Plaintiff.

76. Defendant's acts have harmed Plaintiff's reputation, severely damaged Plaintiff's goodwill, and upon information and belief, have diverted sales from Plaintiff and create the impression that Plaintiff is an infringer when in fact Defendant is the infringer.

77. Defendant's aforesaid acts have caused and will continue to cause great and irreparable injury to Plaintiff, and unless said acts are restrained by this Court, they will be continued and Plaintiff will continue to suffer great and irreparable injury.

78. Plaintiff has no adequate remedy at law.

**WHEREFORE**, Plaintiff prays:

A.    That this Court will adjudge that the Plaintiff's Marks and Registrations have been infringed, as a direct and proximate result of the willful acts of Defendant as set forth in this Complaint, including Defendant's use of the Accused Mark, in violation of Plaintiff's rights under the Lanham Act, 15 U.S.C. §1051 et seq., Fla. Stat. §495.151, and the common law of the State of Florida.

B.    That this Court will adjudge that the Plaintiff's trade dress has been infringed, as a direct and proximate result of the willful acts of Defendant as set forth in this Complaint, in violation of Plaintiff's rights under the Lanham Act, 15 U.S.C. §1051 et seq., Fla. Stat. §495.151, and the common law of the State of Florida.

C.    That this Court will adjudge that the copyright in and to Plaintiff's Copyrighted Label is valid, owned by Plaintiff and has been infringed as a direct and proximate result of the acts of Defendant as set forth in this Complaint, in violation of Plaintiff's rights under the Copyright Act of 1976, 17 U.S.C. §101 et seq.

D.    That this Court will adjudge that Defendant has competed unfairly with Plaintiff in violation of Plaintiff's rights at common law and in violation of Plaintiff's rights under the Lanham Act, 15 U.S.C. §1125(a)(1)(A).

E.    That Defendant, and all officers, directors, agents,

servants, employees, attorneys, successors, and assigns, and all persons in active concert or participation therewith, be preliminarily and permanently enjoined and restrained:

1) From using the Plaintiff's Marks, the Accused Mark, the terms "COMPLETE SEASONING" and/or "SAZON COMPLETA", any reproduction, infringement, copy or colorable imitation and any formative variations or phonetic equivalents thereof, or any term, name or mark which incorporates any of the foregoing, or any trademarks similar thereto or likely to be confused therewith, in connection with the distribution, marketing, advertising or sale of any unauthorized goods;

2) From using any logo, trade name, or trademark which may be calculated to falsely represent or which has the effect of falsely representing that the unauthorized products of Defendant, or of any third parties, are sponsored by, authorized by, or in any way associated with Plaintiff and/or that the products of Plaintiff are inferior to, copies of, infringing of or imitations of the products of Defendant, or that Defendant's products are the first or original such products;

3) From infringing the Plaintiff's Trademarks and Registrations;

4) From infringing the Plaintiff's trade dress;

5) From infringing the Plaintiff's Copyrighted Label;

18

6)    From reproducing, distributing, or otherwise using or contributing to the reproduction, distribution or use of the Accused Labels, and any substantially similar or derivative works, and any other works found infringing;

7)    From using the Accused Labels or any design substantially similar to the Plaintiff's Copyrighted Label, in any way in connection with any goods and services;

8)    From doing any other act or thing likely to cause the public or the trade to believe that there is any connection between Defendant and Plaintiff, or their respective products;

9)    From otherwise infringing any copyright owned by Plaintiff;

10)   From falsely representing themselves or their affiliates as being connected with Plaintiff, or sponsored by or associated with Plaintiff, or engaging in any act which is likely to falsely cause the trade, retailers, and/or members of the purchasing public to believe that Defendant or its affiliates are associated with Plaintiff and/or that Plaintiff is associated with Defendant or infringing upon any mark of the Defendant in the use of Plaintiff's Marks;

11)   From affixing, applying, annexing, or using in connection with the sale of any goods or services sold by Defendant including, without limitation, the sale of spices

and/or seasonings, a false description or representation including words or other symbols tending to falsely describe or represent such goods or services; and

12) From using, in connection with spices and/or seasonings, any labels and/or trade dress which would associate the products sold by Defendant as those emanating from the Plaintiff.

F.   That Defendant be required to recall and deliver up for destruction all goods, labels, signs, prints, packages, wrappers, inventory, advertisements, internet advertising and other written or printed material in the possession or control of Defendant, or third party advertisers and retailers of Defendant's products which bear the Plaintiff's Trademarks or Registrations, trade dress, or any infringement thereof, including but not limited to the Accused Mark, Accused Trade Dress, and any formative variations or phonetic equivalents thereof, or any term, name or mark which incorporates any of the foregoing, or any trademarks or trade dress similar thereto or likely to be confused therewith, alone or in combination with any other word or element, and all plates, molds, matrices, and other means from making the aforesaid items.

G.   That the Court order, and Defendant deliver up to Plaintiff or its attorneys, the impounding during the course of these proceedings pursuant to 17 U.S.C. §503, of all copies claimed or shown to have been made or used in violation of Plaintiff's

exclusive rights, including the Accused Label, and including all plates, molds, matrices, masters, computer files, tapes, films, negatives or other articles by means of which such copies are or may be reproduced.

H.   That Defendant be required to deliver up for destruction all goods, transfers, sketches, labels, signs, prints, packages, wrappers, receptacles, advertisements, and other written or printed materials that bear the Accused Labels and or any design similar thereto.

I.   That Defendant be required to recall and deliver up for destruction all goods, labels, signs, prints, packages, wrappers, inventory, advertisements, internet advertising and other written or printed material in the possession or control of Defendant, or third party advertisers and retailers of Defendant's products which bear claims found by this Court to be false and/or misleading in violation of 15 U.S.C. §1125(a)(1)(B).

J.   That Defendant be directed to file with this Court and to serve upon Plaintiff within thirty (30) days after service of the injunction issued in this action, a written report under oath, setting forth in detail the manner of compliance with paragraphs G through I, including all subparts.

K.   That Defendant be ordered to forthwith identify to Plaintiff all active and passive participants in the acts complained of herein and supply to Plaintiff a complete list of the

persons and/or entities from whom Defendant purchased, and to whom Defendant distributed and/or sold any goods, bearing any of the Plaintiff's Marks, trade dress, or Copyrighted Label.

L.    That Plaintiff recover Defendant's profits and the damages of Plaintiff arising from Defendant's acts of trademark infringement and unfair competition and false advertising, and that the Court, pursuant to §35 of the Lanham Act, 15 U.S.C. §1117, enter judgment, and that said sums be trebled as authorized pursuant to 15 U.S.C. §1117(b).

M.    That Plaintiff recover Defendant's profits and the damages of Plaintiff arising from Defendant's acts involving copyright infringement, or, in the alternative and upon timely request, statutory damages pursuant to 17 U.S.C. §504(c), including enhanced statutory damages for willful infringement.

N.    That Plaintiff recover such sums as are necessary to place or compensate for corrective advertising.

O.    That Plaintiff have and recover, pursuant to the laws of the State of Florida, and common law, in addition to its actual damages, punitive damages in an amount which the Court deems just and proper.

P.    That Plaintiff have and recover both pre-judgment and post-judgment interest on each and every damage award.

Q.    That Plaintiff be entitled to injunctive relief as set forth in §34 of the Lanham Act, and that Plaintiff have and recover

the remedies set forth in §§ 35(a) and 36 of the Lanham Act, 15 USC §§1117(a) and 1118.

R.   That Plaintiff have and recover its reasonable attorney fees incurred in this action, pursuant to §35 of the Lanham Act, 15 U.S.C. §1117, §501.2105, Florida Statutes, and as otherwise authorized.

S.   That Plaintiff have and recover its taxable costs and disbursements herein, pursuant to §35 of the Lanham Act, 15 U.S.C. §1117, and as otherwise authorized.

T.   That Plaintiff have and recover its taxable costs and disbursements herein, pursuant to §57.041, Florida Statutes.

U.   That Plaintiff have and recover such further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury as to all issues triable of right by a jury.

Respectfully submitted,

Dated: December 3, 2009    By: _Meredith Mendez_
       Miami, Florida          John Cyril Malloy, III
                               Florida Bar No. 964,220
                               jcmalloy@malloylaw.com
                               Meredith Frank Mendez
                               Florida Bar No. 502,235
                               mmendez@malloylaw.com
                               MALLOY & MALLOY, P.A.
                               2800 S.W. Third Avenue
                               Miami, Florida  33129
                               Telephone (305) 858-8000
                               Facsimile (305) 858-0008

                               Attorneys for Plaintiff

# EXHIBIT A

Int. Cl.: 30

Prior U.S. Cl.: 46

**United States Patent and Trademark Office**

Reg. No. 2,885,777
Registered Sep. 21, 2004

## TRADEMARK
### PRINCIPAL REGISTER

## COMPLETE SEASONING

BADIA SPICES, INC. (FLORIDA CORPORATION)
1400 N.W. 93 AVENUE
MIAMI, FL 33172

FOR: BLEND OF SEVERAL SPICES FOR USE IN FOOD PREPARATION, IN CLASS 30 (U.S. CL. 46).

FIRST USE 0-0-1969; IN COMMERCE 0-0-1969.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "SEASONING", APART FROM THE MARK AS SHOWN.

SER. NO. 76-502,424, FILED 3-14-2003.

KEVON CHISOLM, EXAMINING ATTORNEY

Int. Cl.: 30

Prior U.S. Cl.: 46

**Reg. No. 2,896,679**

## United States Patent and Trademark Office

Registered Oct. 26, 2004

### TRADEMARK
### PRINCIPAL REGISTER

## SAZON COMPLETA

BADIA SPICES, INC. (FLORIDA CORPORATION)

1400 N.W. 93 AVENUE

MIAMI, FL 33172

FOR: BLEND OF SEVERAL SPICES FOR USE IN FOOD PREPARATION, IN CLASS 30 (U.S. CL. 46).

FIRST USE 0-0-1969; IN COMMERCE 0-0-1969.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "SAZON" , APART FROM THE MARK AS SHOWN.

THE ENGLISH TRANSLATION OF THE SPANISH WORDING "SAZON COMPLETA" IS "COMPLETE SEASONING".

SER. NO. 76-502,423, FILED 3-14-2003.

KEVON CHISOLM, EXAMINING ATTORNEY

# EXHIBIT B

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, United States Code, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America

**Form VA**
For a Work of the Visual Arts
UNITED STATES COPYRIGHT OFFICE

**VA 1–266–131**

█▌██▌█▌███▌█▌███
*VAU001266131*

EFFECTIVE DATE OF REGISTRATION

5 - 12 - 04
Month    Day    Year

**ARATE CONTINUATION SHEET.**

## 1

**Title of This Work ▼**

Artwork Complete Seasoning (Sazon Completa)

**NATURE OF THIS WORK ▼** See instructions

Label image for bottle

**Previous or Alternative Titles ▼**

**Publication as a Contribution** If this work was published as a contribution to a periodical, serial, or collection, give information about the collective work in which the contribution appeared. Title of Collective Work ▼

If published in a periodical or serial give: **Volume ▼**    **Number ▼**    **Issue Date ▼**    **On Pages ▼**

## 2

**NAME OF AUTHOR ▼**

a  Ester Rabinovici

**DATES OF BIRTH AND DEATH**
Year Born ▼    Year Died ▼
1960

**NOTE**

Under the law, the "author" of a "work made for hire" is generally the employer, not the employee (see instructions). For any part of this work that was "made for hire" check "Yes" in the space provided, give the employer (or other person for whom the work was prepared) as "Author" of that part, and leave the space for dates of birth and death blank.

Was this contribution to the work a "work made for hire"?
| | Yes
☑ No

**Author's Nationality or Domicile**
Name of Country
OR { Citizen of ___U.S.A___
Domiciled in ___

**Was This Author's Contribution to the Work**
Anonymous?    | | Yes  ☑ No
Pseudonymous?  | | Yes  ☑ No

If the answer to either of these questions is "Yes," see detailed instructions.

**Nature of Authorship** Check appropriate box (es). **See Instructions**
☐ 3-Dimensional sculpture     ☐ Map         ☐ Technical drawing
☑ 2-Dimensional artwork       ☐ Photograph  ☐ Text
☐ Reproduction of work of art ☐ Jewelry design ☐ Architectural work

**Name of Author ▼**

b

**Dates of Birth and Death**
Year Born ▼    Year Died ▼

Was this contribution to the work a "work made for hire"?
| | Yes
| | No

**Author's Nationality or Domicile**
Name of Country
OR { Citizen of ___
Domiciled in ___

**Was This Author's Contribution to the Work**
Anonymous?    Yes  | | No
Pseudonymous?  | | Yes  | | No

If the answer to either of these questions is "Yes," see detailed instructions.

**Nature of Authorship** Check appropriate box (es). **See Instructions**
☐ 3-Dimensional sculpture     ☐ Map         ☐ Technical drawing
☐ 2-Dimensional artwork       ☐ Photograph  ☐ Text
☐ Reproduction of work of art ☐ Jewelry design ☐ Architectural work

## 3

a  **Year in Which Creation of This Work Was Completed**
2002
Year  in all cases.
This information must be given

b  **Date and Nation of First Publication of This Particular Work**
Complete this information ONLY if this work has been published.
Month February  Day 6  Year 2002
U.S.A
Nation

## 4

**COPYRIGHT CLAIMANT(S)** Name and address must be given even if the claimant is the same as the author given in space 2. ▼

Badia Spices, Inc.
1400 N.W. 93 Avenue
Miami, Florida 33182

**Transfer** If the claimant(s) named here in space 4 is (are) different from the author(s) named in space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright. ▼

By Assignment

APPLICATION RECEIVED
MAY 12 2004
ONE DEPOSIT RECEIVED

TWO DEPOSITS RECEIVED
MAY 1 2 2004
FUNDS RECEIVED

DO NOT WRITE HERE OFFICE USE ONLY

**MORE ON BACK ▶**   • Complete all applicable spaces (numbers 5-9) on the reverse side of this page.
• See detailed instructions.   • Sign the form at line 8.

DO NOT WRITE HERE

EXAMINED BY

CHECKED BY

☐ CORRESPONDENCE
   Yes

FORM VA

FOR
COPYRIGHT
OFFICE
USE
ONLY

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

**PREVIOUS REGISTRATION** Has registration for this work, or for an earlier version of this work, already been made in the Copyright Office?

☐ Yes   ✓ No   If your answer is "Yes," why is another registration being sought? (Check appropriate box.) ▼

**a.** ☐ This is the first published edition of a work previously registered in unpublished form.

**b.** ☐ This is the first application submitted by this author as copyright claimant.

**c.** ☐ This is a changed version of the work, as shown by space 6 on this application.

If your answer is "Yes," give: **Previous Registration Number ▼**          **Year of Registration ▼**

**5**

**DERIVATIVE WORK OR COMPILATION** Complete both space 6a and 6b for a derivative work; complete only 6b for a compilation.
**a. Preexisting Material** Identify any preexisting work or works that this work is based on or incorporates. ▼

**6**

a

See instructions
before completing
this space.

**b. Material Added to This Work** Give a brief, general statement of the material that has been added to this work and in which copyright is claimed. ▼

b

**DEPOSIT ACCOUNT** If the registration fee is to be charged to a Deposit Account established in the Copyright Office, give name and number of Account.
**Name ▼**          **Account Number ▼**

**7**

a

**CORRESPONDENCE** Give name and address to which correspondence about this application should be sent. Name/Address/Apt/City/State/ZIP ▼

David A. Gast / Malloy & Malloy, P.A.
2800 S.W. 3rd Avenue
Miami, Florida 33129

Area code and daytime telephone number   ( 305 ) 858-8000          Fax number   ( 305 ) 858-0008

Email   dgast@malloylaw.com

b

**CERTIFICATION*** I, the undersigned, hereby certify that I am the

check only one ▶ {
☐ author
☐ other copyright claimant
☐ owner of exclusive right(s)
☑ authorized agent of   **Badia Spices, Inc.**
   Name of author or other copyright claimant, or owner of exclusive right(s) ▲

of the work identified in this application and that the statements made by me in this application are correct to the best of my knowledge.

**8**

Typed or printed name and date ▼ If this application gives a date of publication in space 3, do not sign and submit it before that date.

David A. Gast          Date   May 4, 2004

Handwritten signature (X) ▼

X _____

**9**

Certificate
will be
mailed in
window
envelope
to this
address:

**Name ▼**
David A. Gast / Malloy & Malloy, P.A.   Ref. No. 3702.04

**Number/Street/Apt ▼**
2800 S.W. 3rd Avenue

**City/State/ZIP ▼**
Miami, Florida 33129

• Complete all necessary spaces.
• Sign your application in space 8

1. Application form
2. Nonrefundable filing fee in check or money order payable to Register of Copyrights
3. Deposit material

Library of Congress
Copyright Office
101 Independence Avenue, S.E.
Washington, D.C. 20559-6000

*17 U.S.C. § 506(e): Any person who knowingly makes a false representation of a material fact in the application for copyright registration provided for by section 409, or in any written statement filed in connection with the application, shall be fined not more than $2,500.



0 33844 00101 8

Badia Spices, P.O.Box 226497, Doral, FL 33222-6497
Visit our web site/Visítenos en Internet:
www.badiaspices.com
Packed in U.S.A.

**Nutrition Facts/ Datos de Nutrición**

Net Wt. 12 oz. (340.2 g)

**BADIA** ®
Ⓤ

*Complete Seasoning*®
*Sazón Completa*®

Badia's Complete Seasoning is the perfect
combination of ingredients and spices, prepared
to enhance the natural flavor of your favorite food.
Use it on all kind of meats, poultry and fish, and
sprinkle it on soups, salads, sauces and vegetables.

La Sazón Completa de Badia es la perfecta
combinación de ingredientes y especias para
realzar el sabor natural de sus comidas.
Utilícela como adobo fundamental en todo tipo
de carnes, aves y pescados y aplíquela con
libertad en sopas, ensaladas, salsas y vegetales.

# EXHIBIT C









Badia's Complete Seasoning is the perfect combination of ingredients and spices prepared to enhance the natural flavor of your favorite food.

Use it on all kind of meats, poultry and fish, and sprinkle it on soups, salads, sauces and vegetables.

La Sazón Completa de Badia es la perfecta combinación de ingredientes y especies para realzar el sabor natural de sus comidas.

Utilícela como adobo fundamental en todo tipo de carnes, aves y pescados y aplíquela con libertad en sopas, ensaladas, salsas y vegetales.

**BADIA**

**Complete Seasoning®**
**Sazón Completa®**

Net Wt. 3.5 oz. (99.2 g)

Packed in U.S.A.

Badia Spices, P.O. Box 226691, Miami, FL 33172-6497
www.badiaspices.com
Visit our web site/visítenos en Internet

0  53844 00008  0

# EXHIBIT D







Goya Products - Windows Internet Explorer - [InPrivate]

InPrivate   http://www.goya.com/english/products/pro   Google

File   Edit   View   Favorites   Tools   Help

Favorites   Goya Products

SIGN OUT

If it's **GOYA** it has to be good®

SEARCH: ○ Recipes ○ Products ⊙ Site   GO

HOME   RECIPES   **PRODUCTS**   NUTRITION   VIDEO GOYA   PROMOTIONS   GOYA E-STORE

**Categories**

**Condiments**

Seasonings, marinades, cooking oils, and other essentials every great cook keeps on hand to create mealtime sensations.

Beans

Rice

Regional Specialties

Condiments

Adobo

Sazón & Bouillon

Olives & Capers

Olive Oil

Marinades & Cooking Ingredients

Spices

Sauce, Salsas & Hot Peppers

Sazonador Total

Beverages

Sazonador Total

A new way to give your meals an extra flavor. Its combination of spices enhances the natural flavor of your foods, making any dish something truly special.

JS 44 (Rev. 2/08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)   **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| BADIA SPICES, INC., a Florida corporation | GOYA FOODS, INC., a Delaware corporation |

**(b)** County of Residence of First Listed Plaintiff  **Miami-Dade**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant  **Hudson County, NJ**
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
John Cyril Malloy, III
Meredith Frank Mendez
Malloy & Malloy, P.A., 2800 S.W. Third Avenue, Miami, FL 33129
Tel. (305) 858-8000

Attorneys (If Known)

CIV-KING

MAGISTRATE JUDGE
BANDSTRA

DEC 03 2009

**(d)** Check County Where Action Arose: ☑ MIAMI- DADE  ☐ MONROE  ☐ BROWARD  ☐ PALM BEACH  ☐ MARTIN  ☐ ST. LUCIE  ☐ INDIAN RIVER  ☐ OKEECHOBEE   HIGHLANDS

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff

☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant

☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff (For Diversity Cases Only) and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury | **PERSONAL INJURY**<br>☐ 362 Personal Injury - Med. Malpractice<br>☐ 365 Personal Injury - Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 610 Agriculture<br>☐ 620 Other Food & Drug<br>☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 630 Liquor Laws<br>☐ 640 R.R. & Truck<br>☐ 650 Airline Regs.<br>☐ 660 Occupational Safety/Health<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br>**PROPERTY RIGHTS**<br>☒ 820 Copyrights<br>☐ 830 Patent<br>☒ 840 Trademark | ☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Sat TV<br>☐ 810 Selective Service<br>☐ 850 Securities/Commodities/ Exchange<br>☐ 875 Customer Challenge 12 USC 3410<br>☐ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts |
| **REAL PROPERTY**<br>☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | **CIVIL RIGHTS**<br>☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/ Accommodations<br>☐ 444 Welfare<br>☐ 445 Amer. w/Disabilities - Employment<br>☐ 446 Amer. w/Disabilities - Other<br>☐ 440 Other Civil Rights | **PRISONER PETITIONS**<br>☐ 510 Motions to Vacate Sentence<br>**Habeas Corpus:**<br>☐ 530 General<br>☐ 535 Death Penalty<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition | **LABOR**<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt.Reporting & Disclosure Act<br>☐ 740 Railway Labor Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act<br>**IMMIGRATION**<br>☐ 462 Naturalization Application<br>☐ 463 Habeas Corpus-Alien Detainee<br>☐ 465 Other Immigration Actions | **SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g))<br>**FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS – Third Party 26 USC 7609 | ☐ 892 Economic Stabilization Act<br>☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☐ 895 Freedom of Information Act<br>☐ 900 Appeal of Fee Determination Under Equal Access to Justice<br>☐ 950 Constitutionality of State Statutes |

## V. ORIGIN (Place an "X" in One Box Only)

☑ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Re-filed- (see VI below)   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ 6 Multidistrict Litigation   ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. RELATED/RE-FILED CASE(S).**
(See instructions second page):

a) Re-filed Case ☐ YES ☑ NO    b) Related Cases ☐ YES ☑ NO

JUDGE                        DOCKET NUMBER

**VII. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity):
15 U.S.C. §§1114 and 1125; 17 U.S.C. §101, §502; Trademark infringement, unfair competition, copyright infringement.
LENGTH OF TRIAL via _5_ days estimated (for both sides to try entire case)

**VIII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $
Unspecified

CHECK YES only if demanded in complaint:
JURY DEMAND: ☑ Yes ☐ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE

SIGNATURE OF ATTORNEY OF RECORD
_Meredith Mendez_

DATE
December 3, 2009

FOR OFFICE USE ONLY
AMOUNT $350    RECEIPT # TD129477

12/03/09